## Ernest J. Magerstadt, Sheriff, for use, etc., v. Emil Rudolph, Adm'r.

1. EVIDENCE—*Sufficient to Describe a Joint and Several Bond as that of the Maker Who is Sued.*—In an action upon a joint and several bond, the instrument is admissible, although described in the pleadings as that of the maker who is sued, without noticing the other party to it.

Debt, upon a bond. Appeal from the Circuit Court of Cook County; the Hon. OLIVER H. HORTON, Judge presiding. Heard in this court at the October term, 1902. Reversed and remanded. Opinion filed May 28, 1903. Rehearing denied June 15, 1903.

JOHN S. McCLURE and A. M. LASLEY, attorneys for appellant.

JOHN F. GEETING, attorney for appellee.

MR. JUSTICE WINDES delivered the opinion of the court. Appellant, Magerstadt, as sheriff, for the use of Tinkham

& Moore, brought debt upon a bond against Jerome Plankinton, the bond being made by one William A. Merkel as principal and said Plankinton as surety, to said Magerstadt as sheriff, dated November 3, 1899, to secure the release of said Merkel, who had been arrested under a capias ad respondendum issued in a suit of said Tinkham & Moore against one McConkey, said Merkel and others, returnable to the November term, 1899, of the Circuit Court, which commenced on the third Monday of the month. The condition of the bond is as follows:

" Now, if the said William A. Merkel shall be and appear at the said court, to be holden at Chicago aforesaid, on the said third Monday of November next, and, in case the said Jerome Plankinton shall not be received as bail in the said action, shall put in good and sufficient bail, which shall be received by the plaintiff, or shall be adjudged sufficient by the court; or the said Jerome Plankinton, being accepted as bail, shall pay and satisfy the costs and condemnation money which may be rendered against the said William A. Merkel in the plea aforesaid, or surrender the body of the said William A. Merkel in execution, in case the said William A. Merkel shall not pay and satisfy the said costs and condemnation money, or surrender himself in execution, when, by law, such surrender is required, then this obligation to be void; otherwise to remain in full force and effect."

The defendant pleaded twelve pleas, but demurrers were sustained to all except the second, sixth, seventh, eleventh and twelfth, on which issues were joined. The second plea was *non est factum;* the sixth, to the effect that the bond was never accepted by the plaintiff; the seventh, that said Merkel was not released or discharged by reason of the conditions of the bond; the eleventh, that the sheriff did not return the writ of capias ad satisfaciendum issued in said suit of Tinkham et al. against McConkey et al., until the 28th day of May, 1900; and the twelfth, that the sheriff did not hold the writ of capias until August 20, 1900, and then return the same unsatisfied, and that said Merkel was not found in the county. Said Plankinton died pending the suit, and the action was continued against his administrator, the appellee.

The cause was tried before the court without a jury, the trial resulting in a finding in favor of the defendant and against the plaintiff, and judgment thereon, from which this appeal was taken.

The only question argued on behalf of appellant is as to whether the court erred in refusing to receive the bond in question in evidence, and in giving judgment for costs, against the plaintiff. The suit being upon the bond, and there being no other claim declared upon, if the court was right in its ruling excluding the bond, then its judgment was correct, otherwise not.

The evidence shows proceedings in the Circuit Court and under its writ of capias ad respondendum which appear regular, and which resulted in the arrest, under said capias, on October 28, 1899, of said Merkel and McConkey; that November 3, 1899, said Merkel and Plankinton made, executed and delivered the bond in question to the said sheriff, who thereupon discharged Merkel from custody and returned the writ and bond into court. Just what date this return was made does not clearly appear from the evidence as abstracted, but from a reading of it in the record it seems clear that the writ and bond were returned and filed with the clerk at or about the date the bond was executed. By some mistake the bond was placed by the clerk in the files of another case between the same parties, and was not marked filed by the clerk until September 7, 1900, and the writ of capias ad respondendum was not marked filed by the clerk until February 16, 1900. These failures of the clerk to place the file mark upon the bond and capias can not be attributed to the plaintiff nor to the usees, or either of them, in this case. It is true the statute of this state, Chap. 16, Sec. 4, requires that in such case the bond shall be returned with the writ on or before the first day of the term of the court to which the writ is returnable, and section 8 of the same chapter requires that the sufficiency of the bail should be excepted to during the same term, otherwise the bail shall be considered as accepted by the plaintiff. It is also true that it has been

held that the filing mark of the clerk fixes the date of the return, (Nelson v. Cook, 19 Ill. 440-55,) but there is no case called to our attention, and we think there can be none, which holds that the date of the return may not, by evidence, be fixed according to the fact. Besides the evidence to the effect that the bond and writ were returned at the time the bond was taken, it will be presumed, in the absence of evidence to the contrary, that the sheriff performed his official duty as required by the statute. It is also objected on behalf of appellee that the bond offered in evidence varies from the bond declared upon in this, that the bond offered in evidence is the joint and several bond of Merkel and Plankinton, whereas the bond declared upon is described in the pleadings as that of Plankinton. The contention is not well founded. It is held in Pogue v. Clark, 25 Ill. 333, a similar case, that in an action upon a joint and several instrument, it was sufficient to describe the instrument as that of the maker who was sued, without noticing the other party to it, and there would be no variance. We are therefore of opinion that the learned trial judge erred in refusing the bond in evidence.

For appellee it is also claimed that even with the bond in evidence, the plaintiff failed to make a case, for the reason, as we understand counsel, that the capias ad satisfaciendum, which was issued in the case of Tinkham & Moore v. McConkey and others, dated May 21, 1900, pursuant to a judgment rendered in that cause at the April term, 1900, was returned May 29, 1900, when, under the statute, Chap. 16, Sec. 20, it should have been returned to the effect that the defendant was not found in the county and that no return could be made in less than ten days from the date of the writ. We are of opinion this claim is not tenable. True, there is a file mark of the clerk upon the capias ad satisfaciendum dated May 29, 1900, and another file mark of the clerk February 18, 1902, which latter date was long after the present suit was commenced. There is also a return upon this capias by the sheriff, through his deputy, which shows, among other things not

here material, that the other defendants named in the writ, besides McConkey, were not found in the county August 20, 1900. The evidence shows that the file mark of May 29, 1900, was by mistake of the clerk indorsed upon this writ when the defendant McConkey was produced in court by the sheriff in answer to a writ of habeas corpus. For some reason not explained, the sheriff appears to have brought into court at that time the original writ instead of a copy in response to the habeas corpus. The evidence further shows that the writ did not remain with the clerk, but came into his possession on the 20th day of August, 1900, and that it was not marked filed at that time can not be attributed to the fault of the sheriff. There is nothing in the statute which sustains the contention that no return of the writ could be made in less than ten days from its date. The provision of the statute in that regard is as follows:

" It shall be also necessary to charge the bail that such writ of capias ad satisfaciendum should be issued and delivered at least ten days before the return day thereof, to the sheriff of the county."

The evidence in the record shows a compliance with the statute in this regard. We deem it unnecessary to consider in detail other contentions of counsel for appellee, for the reason that they are not important in our view of the case, and upon a consideration of the whole evidence, had the bond been admitted by the court, the plaintiff would have made a *prima facie* case.

Cross-errors are assigned and argued which question the ruling of the court in sustaining a demurrer to the fifth plea, which is very long, but in substance to the effect that the capias ad respondendum was based upon an insufficient affidavit. We have examined the plea, which purports to set out the affidavit in full, and are of opinion that the affidavit is sufficiently clear and concise, and that it can not be said to refer to matters not within the personal knowledge of the party making it, as claimed by counsel for appellee. The fact that the affidavit is made by the

attorney of the plaintiffs in the case is not in contravention of anything in the statute, and while such action on the part of an attorney is not commended by the decisions in this state and others, we think that such fact should not invalidate the writ of capias ad respondendum, and that there was no error in sustaining a demurrer to the fifth plea. It is claimed also that the court erred in sustaining demurrers to the third, fourth, eighth, ninth and tenth pleas, but in so far as they are argued, what has been said sufficiently disposes of the claims of counsel as to these pleas.

For the error in not admitting the bond in evidence, the judgment is reversed and the cause remanded.